**VAUGHAN v. HARRIS et ux. (No. 6716.)**

(Court of Civil Appeals of Texas. San Antonio. March 15, 1922.)

**1. Partition ⟨key⟩8—Deed held ratified if acts subsequent to execution showed intention to revoke.**

If the acts of a party to a partition deed after he had signed and acknowledged it indicated a desire to revoke the deed, he afterwards fully ratified the deed by agreeing to have the lines surveyed, and assisting in making the surveys without objection or protest.

**2. Partition ⟨key⟩8—Party delivering deed to other party had no power to revoke.**

One delivering a partition deed which he had signed and acknowledged to the other party had no power to revoke it.

**3. Trespass to try title ⟨key⟩35(1)—Evidence of ratification of deed admissible to meet claim of revocation though ratification not pleaded.**

In trespass to try title by one claiming under a partition deed, parol testimony tending to show defendant's ratification of the deed was admissible to meet defendant's testimony that he had revoked it, though ratification was not pleaded; ratification being no part of the title, but merely a defense to the claim of revocation.

**4. Adverse possession ⟨key⟩60(3)—Suit based on partition deed not barred when brought three years after execution of deed.**

Where plaintiff, who was the child of defendant's deceased wife, had ever since her mother's death claimed one-half of the community land, and defendant never set up any adverse claim, but recognized plaintiff's right, and in 1917 executed a partition deed in recognition of such right, a suit in trespass to try title instituted in 1920 was not barred by limitations.

Appeal from District Court, Bastrop County; R. J. Alexander, Judge.

Suit by Frank Harris and wife against George Vaughan. Judgment for plaintiffs, and defendant appeals. Affirmed.

Page & Jones, of Bastrop, for appellant.
Maynard & Maynard, of Bastrop, for appellees.

FLY, C. J. This is an action in trespass to try title to the southeast one-half of 73 acres of land, instituted by appellees, who are husband and wife, against appellant. The cause was submitted to the court without a jury, and judgment was rendered in favor of appellees for the land in controversy.

The conclusions of fact of the trial judge are amended so as to eliminate unnecessary verbiage, and follow as approved by this court:

"George Vaughan and one Edith Vaughan were married some time prior to the purchase of the 73 acres of land involved in this suit. Said 73 acres of land was the community prop-erty of said George Vaughan. Edith Vaughan died some 25 years prior to the institution of this suit, and left surviving her, as her sole heir and only child, the plaintiff herein, Liddie Harris. Liddie Harris was a child by a former marriage of said Edith Vaughan, and Edith Vaughan died intestate.

"Second. Liddie Harris lived with her mother and George Vaughan after the marriage of George and Edith Vaughan, and lived with George Vaughan after the death of her mother, Edith, some five or six years, and until her marriage to Frank Harris, who joins in this suit.

"Third. George Vaughan, under deed dated March 18, 1880, purchased the tract of land involved in this suit from A. W. Moore. That deed was properly acknowledged and duly recorded in the deed records of Bastrop county, Tex. At the time of such conveyance George Vaughan and Edith Vaughan, the mother of plaintiff, Liddie Harris, were husband and wife. That deed is the common source of title.

"Fourth. On the 22d day of June, 1917, George Vaughan and the plaintiff, Liddie Harris, had prepared the partition deed involved in this suit. That partition deed was prepared in accordance with an agreement previously made between the parties by Judge J. B. Price, county judge of Bastrop county, Tex. On June 22, 1917, George Vaughan told Judge Price that the plaintiff, Liddie Harris, was entitled to one-half of said 73 acres of land, and that he wanted her to have it. Said partition deed was prepared, in which the defendant, George Vaughan, was to have the northwest one-half of said land, and the plaintiff, Liddie Harris, was to take the southwest one-half of said tract. After the preparation of said partition deed by said Judge J. B. Price, the defendant, George Vaughan signed and acknowledged the same before Judge Price, who then, in the presence of said George Vaughan, turned over said deed to the plaintiff said Liddie Harris. That said Liddie Harris carried said deed back to Fort Worth with her for the purpose of her and her husband signing and acknowledging same. Liddie and Frank Harris were at that time living in Forth Worth.

"Fifth. Liddie Harris kept said partition deed for some months; she then returned it to Judge Price, together with his fee for preparing the same, and requested him to place said partition deed on the deed records of Bastrop county, Tex. The partition deed, when so returned to Judge Price, was signed by both the plaintiffs Liddie Harris and her husband, Frank Harris, but did not show any certificate of acknowledgment. Shortly after its return Judge Price saw the defendant, George Vaughan, and told him that Liddie Harris had sent him the deed for record, but that she and her husband had failed to acknowledge it, and for that reason it could not be recorded. The defendant then told Judge Price that the matter was off, and requested him not to give the deed back to Liddie Harris. Judge Price then wrote plaintiff, Liddie Harris, what Vaughan had said. Some time after the letter was written by Judge Price to Liddie Harris she came to Bastrop to see about the matter, Judge Price having retained the deed in the meantime. She

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and George Vaughan were in the office of Judge Price a number of times, covering a period of two or three days, squabbling and fussing about the transaction, when finally Judge Price returned the deed to Liddie Harris.

"Sixth. That after the return of the deed to her by Judge Price, and within the next two or three days thereafter, plaintiffs and defendant agreed to have the surveyor establish the line between them, as set out in the partition deed. Mr. Moncure, the surveyor, went out and ran the line between plaintiff and defendant in accordance with the partition deed. George Vaughan was present and assisted in making said survey by carrying the chain; no objection or protest was made by him, but he requested that the survey be made and the line established, and assisted in the same. Liddie Harris paid the surveyor. On the next day after the survey was made Liddie Harris returned to her home in Fort Worth, and she and her husband went before a notary public and acknowledged the partition deed on the 11th day of November, A. D. 1918.

"Seventh. The partition deed was filed for record on the 12th day of November, A. D. 1918, and was recorded in deed records of Bastrop county on November 14th, A. D. 1918. The original petition in the suit was filed on the 31st day of May, A. D. 1920, or about 18 months after the partition deed had been duly acknowledged by the plaintiffs and recorded in the deed records of Bastrop county, Tex."

[1, 2] The conclusions of fact fully dispose of the first, second, and third assignments of error. If the acts of appellant after he had signed and acknowledged the partition deed indicated a desire to revoke his deed, the evidence showed that he afterwards fully ratified the deed and assisted the surveyor in surveying and setting apart the part of the land to Liddie Harris, which he had conveyed to her, and she and her husband then signed and acknowledged the deed and had it duly recorded. Appellant had delivered his deed to Liddie Harris, and had no power to revoke it. It was a valid deed, and he afterwards fully ratified it, and it binds him according to its terms. The authorities cited by appellant have no bearing on the facts of this case.

[3] The fourth assignment is very general in its terms, assailing the action of the court in admitting parol testimony tending to show a ratification of the deed, the ground of objection being that appellees had not pleaded a ratification of the deed by appellant. They were not required to plead it, but could offer it, as they did, to meet appellant's testimony to the effect that he had revoked the deed. Appellant admitted that he assisted in the survey of the land, and his testimony established all that the testimony objected to established. The evidence was admissible as tending to show that there had been no revocation, and that appellant did not so regard it. The ratification was no part of the title which should have been pleaded, but was

merely a defense to the claim of revocation made by appellant. Appellees did not set up their title in their petition, and there is no foundation whatever for the assignment of error.

[4] There was no evidence whatever tending to show that limitations had any place in the case. The partition deed was made in 1917, and the suit was instituted in 1920. Liddie Harris had, ever since her mother's death, claimed one-half the land, and her claim was recognized by appellant by conveying the land to her. He sought to establish that the deed was merely given to prevent his second wife from getting the land, but that was shown to be untrue, and that the deed was made in recognition of the right of Liddie Harris to her deceased mother's community interest in the land. The evidence did not show that Liddie Harris had ever conveyed her interest in the land to appellant or that he ever set up any adverse claim to her right in the property. On the other hand, he always recognized her right to the land. The divorce between appellant and Donna, his second wife, had been granted many years before he made the deed to Liddie Harris, and that deed could not have been made to defeat Donna's claims, for she had none. The evidence justifies the conclusion that the partition deed was not made to defeat claims of Donna Vaughan, but that it was an afterthought upon the part of appellant to defeat the claim of appellees.

All of the assignments of error are overruled, and the judgment is affirmed.